UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MATTHEW WAYNE THOMAS, | ) ) ) |
| Petitioner, | ) )   No. 6:23-CV-100-REW-HAI |
| v. | ) ) ) RECOMMENDED DISPOSITION |
| LAUREL COUNTY DETENTION CENTER, | ) ) ) ) |
| Respondent. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On June 5, 2023, the Court received a *pro se* petition under 28 U.S.C. § 2254 from Matthew Wayne Thomas. D.E. 1. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court finds Thomas's petition is procedurally flawed in several respects. The undersigned herein recommends it be dismissed upon initial review. Specifically:

- The Court lacks jurisdiction to consider the petition.

- The petition appears to be untimely by about six years.

- The ground for relief appears to be unexhausted.

- The petition lacks sufficient factual support.

- Thomas did not pay the filing fee or properly move to proceed *in forma pauperis*.

First, the Court lacks jurisdiction to consider Thomas's claim because he is not in custody for any of the convictions he lists in his petition. *See* D.E. 1 at 2. Federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or law or

1

treaties of the United States.'" 28 U.S.C. § 2254(a) (emphasis added). "This language is jurisdictional: if a petitioner is not 'in custody' when [he] files [his] petition, courts may not consider it." *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018). "Thus, a district court may consider a prisoner's petition only if he files it while 'in custody' under the conviction or sentence under attack." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018) (per curiam) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam)).

Thomas's petition lists three Whitley Circuit Court case numbers: 08-cr-179, 14-cr-152, and 14-cr-24. D.E. 1 at 2. According to the public docket on eCourts, Thomas was sentenced on December 5, 2013, to five years of imprisonment in case 08-cr-179. On August 5, 2015, Thomas was sentenced in cases 14-cr-24 and 14-cr-152 to five years of imprisonment to be conditionally discharged upon completion of five years of supervised probation, to be served concurrently. A probation violation was charged on November 5, 2015, for which Thomas was sentenced on August 2, 2016, to five years of imprisonment. The United States Probation Office has reported that Thomas is not currently serving time on any of these cases. According to the Probation Office, Thomas completed parole in 08-cr-179 on July 8, 2015, and completed service of his sentences in cases 14-cr-24 and 14-cr-152 on April 1, 2019. Because Thomas is not in custody pursuant to the state court judgments under attack, his petition must be dismissed for lack of jurisdiction.[1] *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Second, it also appears Thomas's petition is untimely. Under 28 U.S.C. § 2244, a one-year "period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which appears

---

[1] Although Thomas is in custody in this District pending trial in case number 6:22-cr-54-CHB-HAI, his petition makes no mention of his federal case and does not otherwise tie his § 2254 claim to it.

2

relevant here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

Thomas did not appeal any of the aforementioned Kentucky convictions. The latest possible judgment Thomas could be challenging of those aforementioned cases is his probation revocation from August 2, 2016. The federal Supreme Court's Rule 13 provides 90 days to petition for a writ of certiorari. That 90-day period began when the trial court entered the probation revocation judgment on August 2, 2016, and ended on October 31, 2016. Thomas's one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run on that date and expired a year later on October 31, 2017. If Thomas filed any post-conviction motion, it is not apparent from the eCourts docket. So, it appears his federal statute of limitations expired on about October 31, 2017. Almost six years have passed since that deadline expired.

Question #18 of the § 2254 form provides a space to address the timeliness of the petition. Here, Thomas wrote, "N/A." D.E. 1 at 14. Thomas has failed to provide an explanation as to why he waited almost 6 years after his statute of limitations lapsed to seek federal habeas relief.

Third, Thomas's petition is subject to dismissal because he appears not to have satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1). Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process;
>
>     or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted).

Here, Thomas did not appeal or file post-conviction motions for any of his challenged convictions. Because the claim listed in the petition – that Thomas did not receive a full colloquy – does not appear to have been brought before the Kentucky trial and appellate courts, it is unexhausted. Thomas indicates that he "did not know" throughout his petition in response to questions related to appeals and exhaustion. D.E. 1 at 6, 7, 10-13. To the extent Thomas challenges the effectiveness of his trial or appellate counsel for failing to file an appeal or inform him about the appellate process, such claims are also unexhausted.

Fifth, Rule 2 of the Rules Governing Section 2254 Cases requires that the motion must:

(1)     specify all the grounds for relief available to the moving party;

(2)     state the facts supporting each ground;

(3)     state the relief requested;

(4)     be printed, typewritten, or legibly handwritten; and

(5)     be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.

As it stands, Thomas's petition is subject to dismissal for failing to state the facts supporting claim(s). Thomas vaguely states that he does not think "it" was fair and that he did not receive a fair colloquy.[2] D.E. 1 at 6. Thomas also repeatedly states that he "did not know" in

---

[2] Thomas's sole ground for relief is partially illegible, which also supports dismissal under Rule 2(4) of the Rules Governing Section 2254 Cases.

4

response to the petition's questions regarding exhaustion and appeals. *Id.* at 6, 7, 10-13. To the extent Thomas equates his lack of knowledge to ineffective assistance of counsel, he has failed to provide any factual basis for such a claim.

Finally, Rule 3 of the Rules Governing Section 2254 Cases requires a petitioner to either: (1) pay the applicable filing fee, or (2) file "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing Section 2254 Cases, Rule 3(a). Petitioner has not tendered the $5 filing fee. Although Thomas has filed a motion for leave to proceed *in forma pauperis*, that motion does not include a certificate showing the amount of money or securities that he has in any account in the institution where he is being housed. *See* D.E. 3.

Normally, the Court would provide the petitioner an opportunity to either pay the filing fee or file the required certified statement of funds. However, initial review reveals other deficiencies which lead the Court to determine the petition is futile on account of other procedural defects. A recommendation of dismissal at this juncture is the better use of court resources.

Typically, before recommending dismissal on procedural grounds, the Court grants the petitioner an opportunity to respond to "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000).

In this case, Thomas will have an opportunity to address these procedural defects by filing any appropriate objections to this Recommended Disposition. The Sixth Circuit in *Shelton*

5

recognized that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Under 28 U.S.C. § 2243, "the district court has a duty to screen out a habeas corpus petition which is meritless on its face." *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing Section 2254 Proceedings, Rule 4. It appears the Court does not have jurisdiction over Thomas's petition because he is not in custody related to any of his challenged convictions. Thomas's claim appears to be unexhausted, untimely filed, and lack factual support. Nor did he pay the filing fee or attach a certificate of funds to his motion to proceed *in forma pauperis*. The undersigned therefore **RECOMMENDS** that Thomas's habeas petition (D.E. 1) be **DISMISSED** upon initial review.

The Court Further **RECOMMENDS** that the District Court **DENY** Petitioner's motion for leave to proceed *in forma pauperis* (D.E. 3) without prejudice and, in the event he wishes to object to this Recommended Disposition or otherwise pursue his § 2254 petition, require Petitioner to either (1) file the required certificate of funds or (2) submit the $5.00 fee to the Clerk of the Court within 30 days of the adoption of this Recommended Disposition by the District Judge should he adopt this Recommended Disposition.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2254 proceedings. When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thomas is not in custody for any of the challenged state court convictions.  Further, the record is clear that Thomas's claim is untimely, unexhausted, and lack sufficient factual support.  No reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, denial of the § 2254 motion must be asserted properly and in response to this Recommended Disposition.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  *See also* Rules Governing Section 2254 Proceedings, Rule 8(b).  Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Judge**.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 9th day of June, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge