UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MATTHEW WAYNE THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 6:23-CV-100-REW-HAI |
| v. | ) | |
| | ) | |
| LAUREL COUNTY DETENTION CENTER, | ) | ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

*** *** *** ***

On June 5, 2023, Matthew Wayne Thomas, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. *See* DE 1 (Petition). Thomas moves the Court to vacate his Kentucky convictions for first-degree and second-degree assault. *Id.* at 2. Thomas also filed a motion for leave to proceed in forma pauperis. *See* DE 3 (Motion). On June 7, 2022, United States Magistrate Judge Hanly A. Ingram, on standing referral, reviewed the record and recommended that Thomas's petition be dismissed because (1) the Court lacks jurisdiction to consider the petition; (2) the petition is untimely; (3) failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1); (4) lack of factual support for the petition; and (5) failure to pay the filing fee or properly move to proceed *in forma pauperis*. *See* DE 5 (Recommendation). Judge Ingram also recommended that Thomas's motion to proceed *in forma pauperis* be denied. *Id*. at 6. The period for objections has expired without objections from either party. The matter is ripe for review.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019)

(quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court has considered the recommended disposition, as well as the entire record and relevant authority, and agrees with Judge Ingram's analysis and determinations. Judge Ingram weighed the appropriate factors to decide that the case should be dismissed for the aforementioned reasons. *See id.* at 6. As Judge Ingram aptly states, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." *Id*. Accordingly, the Court **ADOPTS** DE 5, as it relates to Thomas's petition, and **DENIES** DE 1, Thomas's § 2254 Petition. A Judgment to this effect follows.

Further, the Judge Ingram recommended that Thomas's motion to proceed *in forma pauperis* be denied without prejudice. *See* DE 5 at 6. To date, Thomas has not paid the $5 filing fee. His motion also does not include a certificate showing the amount of money or securities that he has in any accounts where he is being house. *See* DE 3 at 3; DE 5 at 5. Considering the petition's other deficiencies, Judge Ingram concluded that Thomas's "petition is futile" and "[a] recommendation of dismissal at this juncture is the better use of court resources." *See* DE 5 at 5. The Court agrees. Accordingly, the Court **ADOPTS** DE 5's recommendation relating to Thomas's motion to proceed *in forma pauperis* and **DENIES** DE 3.

The Court also sees no basis for issuance of a certificate of appealability. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

2

constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000); *see also* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). This is a non-merits decision. Further, the procedural ruling is not one subject to fair debate. The Court **DENIES** a certificate of appealability.

This the 30th day of June, 2023.

Signed By:
**Robert E. Wier**  REW
United States District Judge